

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

This Opinion
Modifies Opinion
#O-1568

Honorable Holvey Williams
Criminal District Attorney
Waco, Texas

Dear Sir:

Opinion No. O-2630
Re: Proper indexing of
abstracts of judgment

We have for reply your letter of August 13, 1940, requesting the opinion of this department upon the following matter:

"Mr. Floyd Mitchell, County Clerk of McLennan County, has called on this office for an opinion as to how the enclosed abstract of judgment should be indexed. You will note that there are several defendants to the suit but the abstract of judgment shows that plaintiff only recovered judgment against H. F. Pochyla, one of the defendants; however, the abstract of judgment shows that an order of sale was issued out of this cause and it is very probable that a judgment for foreclosure was rendered against at least some of the other defendants. Mr. Mitchell wants to know if this abstract of judgment should be indexed against all of the defendants mentioned in this instrument or if it should be indexed only against H. F. Pochyla.

"It is our opinion that this abstract of judgment should be indexed only against the defendant, H. F. Pochyla, and for our authority, we refer to your opinion No. O-1568. However, as mentioned in this opinion, an abstract of judgment should be indexed against every defendant in the judgment, even though the judgment against him was only for foreclosure or for costs; it appears from this abstract of judgment that judgment for foreclosure was rendered against at least some of the other defendants to this suit, but if these facts are true, inasmuch as they are not named, would it be the duty of the County Clerk recording and indexing such a judgment to look further than the abstract of judgment filed with him?"

The abstract of judgment insofar as pertinent here reads as follows:

"The State of Texas,

County of Dallas.

"I, Pearl Smith, Clerk of the District Court of Dallas County, Texas, do hereby certify that in the District Court of the 14th Judicial District of Texas, in a certain suit pending in said Court, wherein Bankers Life Company, a corporation, is plaintiff, and H. F. Pochyla, Johanna Pochyla, Stansell Bryan, Trustee, J. R. Torrance, O. D. Sanders and Joe Headen, are defendants, No. 47162-A. The said plaintiff - Bankers Life Company, a corporation recovered a judgment against said defendant - H. F. Pochyla * * *. Said judgment is entitled to the following credits, to-wit: (Here is listed a credit as a result of the execution of an order of sale). * * *"

In Opinion No. 0-1568 this department exhaustively analyzed the authorities in this state relative to the creation of statutory judgment liens under Articles 5447 and 5448 of the Revised Civil Statutes of Texas, 1925, which read as follows:

"Article 5447. - Abstracts of Judgments. Each clerk of a court, when the person in whose favor a judgment was rendered, his agent, attorney or assignee, applies therefor, shall make out, certify under his hand and office seal, and deliver to such applicant upon the payment of the fee allowed by law, an abstract of such judgment showing:

"1. The names of the plaintiff and of the defendant in such judgment.

"2. The number of the suit in which the judgment was rendered.

"3. The date when such judgment was rendered.

"4. The amount for which the judgment was rendered and the balance due thereon.

"5. The rate of interest specified in the judgment.

"Each justice of the peace shall also make and deliver an abstract of any judgment rendered in his court in the manner herein provided, certified under his hand."

"Article 5448. - Recording judgments. Each county clerk shall keep a well bound book called the 'Judgment Record', and he shall immediately file and therein record all properly authenticated abstracts of judgment when presented to him for record, noting therein the day and hour of such record. He shall at the same time enter it upon the alphabetical index to such judgment record, showing the name of each plaintiff and of each defendant in the judgment, and the number of the page of the book upon which the abstract is recorded. He shall leave a space at the foot of each such abstract for the entry of credits upon and satisfaction of such judgments and shall enter the same when properly shown."

In that opinion we held that under Article 5448 in order to effectuate a judgment lien the county clerk should enter upon the alphabetical index to his judgment record the name of each plaintiff and of each defendant appearing upon the face of the judgment; that if a party is known as plaintiff or defendant in the judgment his name should be indexed  We held this necessary although no personal judgment for debt has been rendered against such plaintiff or defendant (a judgment in rem for foreclosure being sufficient); and even though the only judgment rendered against any party to the judgment is for costs. We reaffirm this holding, and are enclosing a copy of this opinion for your perusal.

However, in Opinion No. 0-1568 we indicated that the county clerk with reference to the particular abstract of judgment form submitted should index only the name of the defendant set forth in the recovery clause. To that extent Opinion No. 0-1568 is modified.

The county clerk of any particular county does not have the benefit of, nor have access to the official judgments filed in all the offices of the clerks of the various courts over the state. He should not be, nor do we believe he is required to look further than the abstract of those judgments which, if properly prepared, would reflect all of the information they are required to contain under Article 5447 of the Revised Civil Statutes, including the names of all of the plaintiffs and all of the defendants appearing upon the face of the judgment.

It follows that the criterion of the county clerk in all cases must be the abstract of judgment. If a party appears as a plaintiff or a defendant upon the abstract of judgment whether named in the recovery clause or not his name should be indexed.

In the specific case at hand we assume that the names of H. F. Pochyla, Johanna Pochyla, Stansell Bryan, Trustee, J. R. Torrance, O. D. Sanders, and Joe

Headen were all listed as defendants in the judgment the district clerk of Dallas County had before her when she prepared the abstract. It follows and you are advised that under Article 5448 the names of all such defendants should be indexed by the county clerk.

Very truly yours

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE

ATTORNEY GENERAL OF TEXAS

/s/James D. Smullen

By    James D. Smullen
         Assistant

JDS:rw

ENCLOSURE

APPROVED SEP 9, 1940

/s/Gerald C. Mann

ATTORNEY GENERAL OF TEXAS